ROBERTS, Justice.
This cause is before the court on petition for certiorari to review an order of the Florida Industrial Commission reversing and dismissing a compensation order by the Deputy Commissioner (now Judge of Industrial Claims).
On March 14, 1963, respondent-Stevenson entered into a one-year lease agreement with W. W. Davidson which provided that Davidson furnish to him a tractor-and-trailer-rig and a driver. The lease provided that the lessee-Stevenson should furnish liability insurance coverage, have absolute control of the equipment, and further, that the driver should be subject to the orders and instructions of Stevenson, who would have the right to request the replacement of the driver for violation of any safety rule or regulation of the Interstate Commerce Commission or of the operating policy of lessor. The driver from the inception of the lease agreement to September 3, 1963, was Amos Wilmer Crews (now deceased husband of petitioner —Ann B. Crews), who was severely injured on that date in an accident while driving the tractor-trailer in Michigan.
A week before the accident Stevenson had written a letter to Davidson attemping to cancel the lease but without giving *261 notice to the driver who was at the time out of the state operating the lease equipment. At the hearing before the deputy, respondent testified that the reason he sent the letter cancelling the lease was because the driver failed to furnish him with log sheets and mileage of the equipment and the trip, and contended that the violation put. his I. C. C. certificate in jeopardy. There was conflicting evidence regarding the various aspects of the business operations and of employer-employee relationship, but the deputy resolved the conflicts and ordered the employer-Stevenson to pay compensation for permanent total disability, medical expenses, and other benefits. On review the Full Commission examined the issues presented and reversed the compensation order opining that it could be inferred that the driver was in the employment of Davidson at the time he sustained his fatal injuries rather than of respondent-Stevenson.
We have examined the petition, briefs and the record and have heard oral argument and conclude that there was competent substantial evidence, which accords with logic and reason, to sustain the order of the deputy and that the Full Commission erred in reversing and dismissing the order awarding compensation. U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
We note that this industrial employee was injured September 3, 1963; an order of compensation was entered May 31, 1967 after a Suggestion of Death had been filed July 5, 1966, indicating that the employee had died in the early part of 1966; the order of the Full Commission reversing the compensation order was filed March 1, 1968, and petition for appellate review was finally filed in this court September 9, 1968. We feel that unexplained delays of this magnitude are inexcusable.
For the reasons stated, we quash the order of the Full Commission, with directions that the order of the deputy commissioner (now Judge of Industrial Claims) be promptly reinstated after amendment necessitated by the death of the employee.
Attorneys’ fees in the amount of $350.00 are awarded to petitioner’s attorneys for representation in this court.
It is so ordered.
ERVIN, C. J., and THORNAL and ADKINS, JJ., concur.
CALDWELL (Retired), J., dissents.